UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIDI AZALAM,

        Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

        Defendant.
_____/

CIVIL ACTION NO. 06-15390

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**:

I recommend that the Defendant's Motion to Set Aside Default Judgment be granted. I further recommend that Defendant's Motion to Dismiss the Complaint be granted.

**II.**   **REPORT**:

    **A.**   **Procedural History**

Plaintiff initiated this action by filing a Complaint in the Small Claims Division of the 45 B Judicial District Court for the State of Michigan. Service of Process was effected by Certified Mail to the "United States Postal Service" at the Oak Park branch Post Office. The Small Claims Court scheduled a hearing on the Complaint for November 22, 2006.

No representative of the Defendant appeared on the scheduled hearing date. The magistrate entered a Default Judgment against the postal service in the sum of $1,196.00. A copy of the Judgment Order was mailed to the Oak Park branch Post Office, where it was received on November 23, 2006. On December 5, 2006, the United States Attorney's Office for the Eastern District of Michigan filed a Notice of Removal of the case to this court. Defendant's Motion to Set Aside Default Judgment and Dismiss the Complaint was filed

on December 18, 2006. Plaintiff's Response to the motion was filed on December 27, 2006. The case was referred to the undersigned magistrate judge for all pretrial matters on January 5, 2007. The parties appeared for hearing on the Defendant's Motion on February 8, 2007.

### B. Applicable Law

Fed.R.Civ.P. 55(c) provides, in pertinent part, as follows:

> **(c) Setting aside default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 60(b) provides, in pertinent part, as follows:
> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \*      \*      \*
>
> (4) the judgment is void;
>
> \*      \*      \*
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken.

The disposition of a Rule 60(b) motion is entrusted to the discretion of the court. Jacobs v. DeShetler, 465 F.2d 840 (6th Cir. 1972). A district court's ruling will not be

2

disturbed in the absence of an abuse of discretion.  State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2nd Cir. 2004).

A Motion to Dismiss an action under Federal Rule of Civil Procedure 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it.  Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party.  The district court must weigh the merits of what is presented on a Rule 12(b)(1) Motion to Dismiss, and decide the question of subject matter jurisdiction.  "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the finder of fact at the trial."  Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing a motion to dismiss, the court "must construe the complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  Allard v. Weitzman (In re: DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2nd 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990)); see also, Conley v. Gibson, 355 U.S. 41 (1957).  "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Although the standard is liberal, it requires more than the bare assertion of legal conclusions. In Re: DeLorean Motor Co., 991 F.2d at 1240; Scheid v. Fannie Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985)).

### C. Factual History

Plaintiff's Complaint arises from his attempt to return a digital photo printer by mail to the New York company from which he had purchased it. He presented the package to the Oak Park branch post office on January 28, 2006. The package was addressed to RefurbuDepot.Com, located in New York City. The package was insured for $300.00.

Defendant maintains that Plaintiff's package was delivered to the addressee on February 2, 2006. Receipt of the package was acknowledged by the signature of E. Bailey. (See Defendant's Exhibit 6). RefurbuDepot.Com., however, while acknowledging that an E. Bailey is employed at its receiving department, maintains that the signature in question signifies receipt of a mail delivery, but that Plaintiff's package was not included in it. (See Plaintiff's Attachment 2). In reply, the Defendant asserts that Plaintiff's package was assigned a bar code, and that the delivery carrier scanned the code into an electronic scanner which confirmed the time of delivery and captured the signature of the person accepting the merchandise. (Defendant's Exhibit 14).

In July 2006, Plaintiff submitted an insurance claim for the lost package, pursuant to Section 609 of the Domestic Mail Manual ("DMM"). Because USPS records reflected that the package was delivered to the addressee, Plaintiff issued a denial of claim letter on August 2, 2006. The letter included an explanation of Plaintiff's appeal rights. (Defendant's Exhibits 2, 3 and 7). Plaintiff did not pursue an appeal. Rather, he filed his Complaint in the Small Claims Division of the 45 B Judicial District Court for the State of Michigan on October 13, 2006. The Complaint was served by certified mail addressed to the "United States Postal Service" at the Oak Park branch post office. Delivery was not restricted to the addressee only. (Defendant's Exhibit 8).

On October 18, 2006, the Oak Park acting branch manager, Marlene Terry ("Terry"), received the documents and signed the certified mail receipt. She then contacted her manager, Gwendolyn Farrell ("Farrell"), and sought advice as to how the matter should be handled. Farrell declared that she would address the issue at an upcoming management meeting and recontact Terry, but she did not do so. Terry's assignment as acting branch manager ended early in November, without action on Plaintiff's Complaint. (Defendant's Exhibit 9).

On November 22, 2006, the date assigned for hearing of Plaintiff's Complaint, no representative of the Defendant appeared. The magistrate entered a Default Judgment against Defendant in the sum of $1,196.00. (Defendant's Exhibits 9 and 10).

A copy of the Default Judgment was mailed to the Oak Park branch post office, where it was received on November 23, 2006 (Thanksgiving Day). On November 27, 2006, James Tanksley ("Tanksley") the branch manager, returned to work and was given a copy of the Default Judgment Order. He faxed it to the manager of labor relations and requested

5

guidance.  On November 28, 2006, the labor relations manager contacted the district's delivery/retail analyst to determine if Plaintiff had filed an administrative tort claim.  On the same day, a copy of the Default Judgment was faxed to the USPS National Tort Center in St. Louis, Missouri, with a request for appropriate action.  On November 29, 2006, the National Tort Center faxed the Judgment to the USPS law department in Chicago, Illinois, for handling.  The law department immediately initiated an appeal from the magistrate's Judgment to the 45 B District Judge.  (Defendant's Exhibits 9 and 11).  On the same date, the USPS Law Department notified the United States Attorney for the Eastern District of Michigan, and requested appropriate action.  The case was assigned to Defendant's current counsel of record who, on December 5, 2006, filed a Notice of Removal of the case to this court. (Defendant's Exhibit 12).  Upon removal, Defendant filed the instant motion.

**D.    Analysis**

Pursuant to the Postal Reorganization Act, 39 U.S.C. §101 et seq., the United States Postal Service is "an independent establishment of the executive branch of the government of the United States."  39 U.S.C. §201.  In light of this status, the postal service enjoys federal sovereign immunity, absent a valid waiver.  Dolan v. United States Postal Service, 126 S.Ct. 1252, 1256 (2006).  The Postal Reorganization Act, despite giving the USPS the power "to sue and to be sued in its official name," does not act as a complete waiver of sovereign immunity.  39 U.S.C. §409(c) provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the postal service."  The FTCA, generally speaking, waives sovereign immunity and confers federal court jurisdiction in cases involving negligence committed by federal employees in the course of their employment and giving rise to claims for damages for injury or loss of property under

6

circumstances where the government, if a private person, would be liable to the claimant in accordance with the law of the place or act of omission occurred. 28 U.S.C. §1346(b)(1). The proper defendant in an "FTCA" action is the United States, rather than the employee or agency in question. Within the limitations of the FTCA then, the Postal Reorganization Act renders the defendant subject to suit in a state court.

### 1. Sufficiency of Service

Defendant's initial argument is that Plaintiff's state court judgment is void because the service of process was insufficient to confer personal jurisdiction over the United States Postal Service. A court may not exercise jurisdiction over a Defendant unless the procedural requirements of service of process is satisfied. Omni - Capital International v. Rudolph Wolff and Co., 484 U.S. 97, 104 (1987). Our circuit has held that actual notice of a lawsuit is immaterial where service of process is defective. Ecclesiastical Order of the Ism of Am., Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988).

Service of Process in Michigan court's is governed by M.C.R. 2.105. That Rule establishes the procedural requirements. No section of the Rule deals specifically with service of summons and complaint upon a federal agency. Section (G) of the Rule pertains to service of process on public corporations created under state law, and requires that the summons and complaint be served upon a high-ranking officer of the particular organization. I agree with Defendant that the clear policy of the Rule is to afford notice of a lawsuit to a high-ranking agent of a defendant organization, so as to ensure that meaningful notice is provided and to facilitate prompt measures to defend against the Complaint. Subsection (I) of the Rule applies in circumstances in which service of process cannot reasonably be made in accordance with any section of the Rule. Where a Plaintiff

demonstrates such circumstances, a court may enter an order permitting service of process to be made "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  In the instant case, Plaintiff did not avail himself of that section of the Rule.  Rather, he attempted to serve process on "the United States Postal Service" by sending the summons and complaint to a local branch post office.  As a result, the agent of Defendant who actually received service of the suit was ill equipped to take the actions necessary to ensure an appropriate response. M.C.R. 2.105(J)(1) declares that the intent of the Rule is "to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances."  That clearly did not occur in this instance.  Subsection (J)(3) nonetheless provides that an action shall not be dismissed for improper service of process unless the service failed to inform the Defendant of the action within the time provided in the state rules.  Defendant has not made such a showing, and thus I am not persuaded by the argument that the judgment is void solely by reason of the inadequacies in service of the Complaint under the Michigan rules.  Defendant's failure to serve the summons and complaint upon a person of sufficient stature within the postal service to deal appropriately with it is, however, a relevant factor in determining whether the Default Judgment should be set aside under Fed.R.Civ.P. 55(c) and 60(b)(1).

### 2.     Grounds for Setting Aside Default Judgment

Fed.R.Civ.P. 55(c) permits a court to set aside a Default Judgment "in accordance with Rule 60(b)."  Fed.R.Civ.P. 60(b) provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    *   *   *
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[ ] (1) . . . not more than one year after the judgment, order or proceeding was entered or taken.

In the case at bar, Defendant's Motion to Set Aside Default Judgment was filed less than one month following the entry of the Default Judgment by the state court. Thus, the requirement of a timely motion has been met.

Our circuit has held that a court should consider the following facts when a motion for relief from a default judgment is premised upon excusable neglect: (1) whether the default was the result of Defendant's wilful or culpable conduct; (2) whether setting aside the default would prejudice the Plaintiff; and (3) whether the Defendant presents a meritorious defense following the entry of default. Thompson v. American Home Assurance Co., 95 F.3d 429, 432 (6th Cir. 1996). The factors are not balanced. Rather, the moving party must satisfy each independently. Waifersong Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). I am satisfied that Defendant in this case has satisfied each of the requirements.

As stated above, Plaintiff's issuance of summons and complaint only to a local branch post office is inconsistent with the stated intent of M.C.R. 2.105 "that a defendant be informed of an action by the best means available under the circumstances." By reason of Plaintiff's action, the process in this case was initially received by an acting branch manager (Terry), who was unaware of the proper way to handle it. She inquired of her

9

manager (Farrell) who, through oversight or neglect, failed to follow-up on the matter within the brief remaining term of the acting branch manager's service. As a result, the state court magistrate entered a Judgment against Defendant on November 22, 2006. A copy of the Judgment Order was mailed to the same branch post office, where it was received on November 23, 2006 (Thanksgiving Day). Upon his return to work following the holiday, the regular branch office manager (Tanksley) received the Default Judgment Order and immediately faxed it to the manager of labor relations for appropriate guidance. On the following day, the labor relations manager initiated an inquiry to determine whether Plaintiff had filed an Administrative Tort Claim. On the same day, a copy of the Default Judgment and a request for appropriate action were transmitted to the USPS National Tort Center. One day later, that office faxed the Judgment to the USPS Law Department in Chicago, Illinois, and requested legal assistance. The law department immediately filed an appeal from the magistrate's Judgment to the 45 B District Court Judge. On the same day, the case was forwarded to the United States Attorney for the Eastern District of Michigan for appropriate defensive action. The case was assigned to an Assistant United States Attorney who, on December 5, 2006, filed a Notice of Removal of the case to this court. With the sole exception of Farrell's failure to respond to Terry's inquiry, I am hard pressed to find fault with Defendant's effort to mount a defense to Plaintiff's claims. The initial confusion and indecision on the part of Defendant's Oak Park branch employees is understandable, as they are not the usual officers to receive legal process on behalf of the postal service.

It is worthy of note that no provision of M.C.R. 2.105 sets out the proper means of effecting service of process upon a federal agency. Plaintiff neglected to request the

10

assistance of the state court as provided in M.C.R. 2.105(I). Had he done so, I consider it safe to assume that a more appropriate and effective means of service would have been directed. Under the circumstances present here, I am satisfied that the Default Judgment was not the result of Defendant's wilful or culpable conduct.

I am also satisfied that setting aside the Default Judgment will not prejudice the Plaintiff. It is clear that delay, standing alone, is not a sufficient basis for establishing prejudice. United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983). Rather, it must be shown that the delay will result in the loss of evidence, create increased difficulties in discovery, or provide greater opportunity for fraud and collusion. Id. In this case, Defendant's prompt Motion to Set Aside Default Judgment has minimized any delay resulting from the granting of such relief. Plaintiff has made no showing that he would be prejudiced by the loss of evidence or otherwise, if he is required to litigate his claim. In fact, he has made no showing of prejudice whatsoever.

Defendant's Motion to Set Aside Default Judgment is joined with a Motion to Dismiss Plaintiff's Complaint. The merits of the Motion to Dismiss will be discussed in subsequent sections of this report. For purposes of the Motion to Set Aside Default Judgment, it is important to note that a showing of "meritorious defense" does not require a demonstration that ultimate success is assured, but simply a defense which is "good at law." United Coin Meter, 705 F.2d at 845. Defendant has asserted that Plaintiff's package was properly delivered to the intended recipient. Evidence supporting an inference to that effect was proffered at the hearing. The adequacy of that evidence is a matter for the fact finder at trial, but Defendant's claim that its duty to Plaintiff was fulfilled is certainly

11

sufficient to satisfy the "meritorious defense" required to warrant relief from a default judgment.

For all of the above reasons, I find that Defendant's Motion to Set Aside Default Judgment should be granted.

### 3.     Grounds for Dismissal of Complaint

To the extent that Plaintiff's Complaint represents a claim for money damages resulting from the negligent or wrongful act or omission of employees of the United States while acting within the scope of their office or employment, this case is governed by the provisions of the Federal Tort Claims Act.  28 U.S.C. §1346(b) provides, in pertinent part, that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b).  The terms and conditions of the FTCA must be strictly construed in favor of the sovereign.  Wright v. United States, 82 F.3d 419 (6th Cir. 1994) (Table). Defendant correctly asserts that the United States is the only proper party defendant in a suit alleging state law claims based upon the actions/omissions of a federal employee. Defendants cites Allgeier v. Untied States, 909 F.2d 869, 871 (6th Cir. 1990) for the proposition that the "[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."  Also, cited in Defendant's brief is Nelson v. United States, 650 F.Supp. 411, 412 (W.D. Mich. 1986) for the proposition that: . . . the United

12

States is the only proper defendant in an FTCA action and courts have consistently dismissed FTCA claims filed against a federal agency . . ..."  In each of those cases, however, the court observed that the error of naming a federal agency, rather than the United States, as party defendant could normally be cured by the filing of an amended complaint.  In the cited cases, amendment of the complaint under Fed.R.Civ.P. 15 was foreclosed by the fact that the statute of limitations had run, and the doctrine of "relation back" could not be invoked under the facts presented to the court.  Defendant also cites Mars v. Handberry, 752 F.2d 254 (6th Cir. 1985) in which the Sixth Circuit affirmed a district court's dismissal of a pro se complaint alleging negligent treatment by federal prison officials.  In that case, the court of appeals recognized that the "FTCA" does not grant federal courts jurisdiction over actions against individual defendants, but did not address the issue of amendment under Fed.R.Civ.P. 15 as a means of correcting the defect.  In any event, Plaintiff in the case at bar has not moved to amend his Complaint, and I am satisfied that his original Complaint fails to properly invoke this court's jurisdiction under the FTCA.

Under the undisputed facts in this case, it is doubtful that Plaintiff could successfully amend his Complaint to state a viable cause of action against the United States.  The United States, as sovereign, is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define[s] that court's jurisdiction to entertain the suit."  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  Limitations and conditions imposed by the government on its consent to be sued must be strictly observed, and exceptions are not to be implied.  Soriano v. United States, 352 U.S. 270, 276 (1957).  In 28 U.S.C. §2675(a) the FTCA qualifies its waiver of sovereign immunity for thirteen specific categories of claims.  Specifically exempted from the waiver of sovereign immunity is ". .

. [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. §2680(b).  It is abundantly clear that Plaintiff's claim in this case is based upon the alleged loss by the postal service of a package entrusted by him to the Defendant for delivery.  "If one of the exceptions applies, the bar of sovereign immunity remains." Dolan v. United States Postal Service, 126 S.Ct. at 1256.  Because the Postal Reorganization Act incorporates the exceptions to the waiver of sovereign immunity under the FTCA, this court is without subject matter jurisdiction to entertain Plaintiff's claim for damages to the extent that it rests upon a theory of negligence on the part of postal service employees.  The Complaint should be dismissed with prejudice. Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985); Djordjevic v. Postmaster General, 911 F.Supp. 72, 74-75 (E.D. N.Y. 1995).

Even if this court was vested with subject matter jurisdiction over Plaintiff's negligence claim, dismissal in this case would still be appropriate.  Congress imposed as a condition of a suit under the FTCA that a claimant first present an administrative claim to the appropriate federal agency, and that he pursue that claim to a final denial by the agency.  The exhaustion of available administrative remedies is a jurisdictional prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful conduct of a federal officer or employee.  The requirement cannot be waived. Garrett v. United States, 640 F.2d 24 (6th Cir. 1981); Rogers v. United States, 675 F.2d 123 (6th Cir. 1982).  Thus, a complaint against the United States must be dismissed unless it includes allegations demonstrating compliance with the administrative exhaustion requirements of 28 U.S.C. §2675(a). Altman v. Connally, 456 F.2d 1114 (2nd Cir. 1972). Plaintiff's claim fails to include any such allegation. (Defendant's Exhibit 1).  Furthermore,

it is undisputed that Azalam failed to file an administrative FTCA claim before bringing suit. (Defendant's Exhibit 13). Therefore, Plaintiff's negligence claim is barred by sovereign immunity. McNeil v. United States, 508 U.S. 106 (1993); Juide v. City of Ann Arbor, 839 F.Supp. 497, 506-08 (E.D. Mich. 1993).

To the extent that the Complaint alleges that USPS breached its contract to provide insurance coverage, dismissal is also appropriate. The Postal Reorganization Act allows the postal service to be sued in its official name. A plaintiff, however, must exhaust his administrative remedies, as set forth in the postal laws and regulations, prior to commencing a lawsuit. McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992); Djordjevic v. Postmaster General, 911 F.Supp. 72, 74-75 (E.D. N.Y. 1995).

The Domestic Mail Manual ("DMM") establishes procedures which a postal customer must follow in order to seek reimbursement for loss or damaged mail. A customer must file a claim for indemnity no sooner than 21 days or later than 180 days from the date of mailing. DMM Section 609.1.4. Initial adjudication of indemnity claims is conducted by the St. Louis Accounting Service Center. DMM Section 609.6.1. In the event of a denial of the claim by that office, a customer may appeal, in writing to the manager of Claims Appeals within 60 days of the date of the original decision. DMM Section 609.6.2. If the manager affirms the denial of the indemnity claim, the customer may submit an appeal to the Consumer Advocate at USPS headquarters. DMM Section 609.6.1. All of the administrative procedures must be pursued to conclusion before the customer may file a lawsuit. Gelbfish v. United States Postal Service, 51 F.Supp. 2nd 252, 254-55 (E.D. N.Y. 1999); Simat USA, Inc. v. United States Postal Service, 218 F.Supp. 2nd 365, 368 (S.D. N.Y. 2002).

In the instant case, Mr. Azalam filed an initial indemnity claim. He did not, however, appeal the denial of that claim to the manager of Claims Appeals within 60 days. Neither did he submit an appeal to the Consumer Advocate. Plaintiff confirmed these facts on the record during the hearing of Defendant's Motion to Set Aside Default Judgment and dismiss the Complaint. It is manifest that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The time for doing so is now expired. Accordingly, the Complaint should be dismissed with prejudice.

For all of the above reasons, I recommend that Defendant's Motion to Set Aside Default Judgment be granted. I further recommend that Defendant's Motion to Dismiss the Complaint be granted.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: February 28, 2007

_____

## CERTIFICATE OF SERVICE

     I hereby certify on February 28, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2007. **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217